Garoutte, J., concurring.
I concur in Mr. Justice De Haven’s opinion úpon the first ground discussed.
The judgment in Laughlin v. Thompson was a valid *319 binding judgment, but in all respects save as to costs, is fully satisfied, for the property has been returned to Laughlin. Why should he object because Thompson returned to him the property sooner than was required ? If Thompson had retained the property and returned it after judgment, that would have strictly comported with the requirements of the judgment. Is he to suffer a grievous wrong because he was too alert in giving Laughlin his rights? If Laughlin, vi et armis, had taken the property from Thompson, and thus have prevented Thompson from returning it, could it be pretended that he would be entitled to execution to recover its value? The law contemplates the recovery of the property or its value; never both property and value. The execution should be quashed on motion. It should be restrained, because it would be unconscionable to satisfy it by sale of Thompson’s property.